UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ERNEST THOMPSON, Individually and on Behalf of
All Others Similarly Situated.

                            Plaintiff,

                            Civil Case No.

        -against-

AMERICAN LIMOUSINE GROUP, LLC d/b/a
ADDISON LEE,

                            Defendant.
_____

## CLASS ACTION COMPLAINT

      Plaintiff, ERNEST THOMPSON, alleges of his own personal knowledge and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff, individually and in his representative capacity, brings this action for violations of the Fair Labor Standards Act ("FLSA"), New York's Wage and Hour Laws ("NYLL"), and New Jersey's Wage and Hour Laws ("NJWHL").  More specifically, Plaintiff asserts that he and members of the Class, as non-exempt employees, are entitled to recover all unpaid wages for off-the- clock work; overtime compensation for hours in excess of 40 in the workweek; and for liquidated damages, costs and reasonable attorney's fees.

2.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant, AMERICAN LIMOUSINE GROUP, LLC d/b/a ADDISON LEE, (hereinafter ADDISON LEE") has willfully and intentionally committed widespread violations of the NJWHL, NYLL and FLSA, as hereinafter described.

1

## PARTIES

3. Plaintiff, ERNEST THOMPSON, is an individual presently residing in Mount Vernon, New York 10552.

4. AMERICAN LIMOUSINE LLC is a limited liability company created and existing under the laws of the State of New Jersey, d/b/a ADDISON LEE.

5. ADDISON LEE has its principal place of business at 90 McKee Drive, Mahwah, New Jersey, 07430.

6. ADDISON LEE transacts business as a limousine for hire business in multiple states, including New York and New Jersey.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because it arises under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, a federal statute.

8. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), pursuant to the doctrine of supplemental jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § =1391(b) (c), because ADDISON LEE transacts business in this District; a substantial part of the acts or omissions giving rise to this action occurred in this District and ADDISON LEE is subject to personal jurisdiction in this District.

## STATEMENT OF MATERIAL FACTS

10. Addison Lee Group is a London-based private hire chauffeured taxi company.

11. Addison Lee Group acquired, owned and operated Tristar Worldwide Chauffeured Services and Flyte Tyme Worldwide operations, which have been reorganized into Addison Lee Group North America.

12.     AMERICAN LIMOUSINE GROUP, LLC ["ADDISON LEE"] is a wholly owned subsidiary, affiliate and/or division of Addison Lee Group North America, with principal offices located in Mahwah, New Jersey.

13.     Addison Lee North America now has approximately 800 company owned and leased luxury vehicles serving its U.S. market.

14.     Addison Lee North America now employs approximately 850 chauffeurs, drivers and employees in the U.S.

15.     ADDISON LEE is engaged in interstate commerce, with an annual gross volume of business exceeding $500,000.00.

16.     Plaintiff was employed by ADDISON LEE, as a full time, uniformed chauffeur from November 1, 2017 to April 8, 2019.

17.     Plaintiff's principal activity was to pick up passengers and transport them to their requested destinations.

18.     It is integral and indispensable to that activity for a driver to drive to the location where the passenger awaits this service.

19.     At all relevant times, Plaintiff operated a vehicle owned by ADDISON LEE and for the employer's benefit, was authorized and did maintain the vehicle at his residence on a 24/7 basis.

20.     At all times material and relevant herein, ADDISON LEE was the employer of Plaintiff within the meaning of 29 U.S.C. §§201 *et. seq*.

21.     At all relevant times, Plaintiff was an employee of ADDISON LEE within the meaning of NYLL§§650 *et. seq*. and the supporting New York State Department of Labor regulations.

22.     At all relevant times, Plaintiff was an employee of ADDISON LEE within the meaning of NJWHL and the supporting New Jersey State Department of Labor regulations.

23. At all relevant times, ADDISON LEE possessed the authority and power to hire or terminate Plaintiff and members of the Class.

24. At all relevant times, ADDISON LEE possessed the authority and power to control the work schedule and conditions of employment of Plaintiff and members of the Class.

25. At all relevant times, ADDISON LEE possessed the authority and power to determine the rate and method of the payment of wages to Plaintiff and members of the Class.

26. At all relevant times, ADDISON LEE possessed the authority and power to maintain and/or had unrestricted access to records regarding the employment of Plaintiff and members of the Class.

27. Plaintiff was required by ADDISON LEE and did regularly work over 40 hours per week.

28. Plaintiff regularly worked at least 65 hours per week.

29. Plaintiff regularly worked more than ten (10) hours in a single work day.

**Off-the-Clock Hours**

30. Plaintiff was not compensated by ADDISON LEE, for the time driving from his home to the first customer pick-up, each work day.

31. During the work day, Plaintiff was not compensated by ADDISON LEE, for the total time driving between customer pick-ups.

32. During each work day, one (1) hour was automatically deducted for breaks, whether or not they were taken or not.

33. Plaintiff was required to sign off after unloading the passenger[s] at the last job of the day. Plaintiff was not compensated for the time driving from the last job to home.

34. Each 40-hour work week, Plaintiff worked off-the-clock, a minimum of 15 hours.

**Waiting Time**

34. Plaintiff was compensated for waiting time, starting 15 minutes after the assigned pickup time. No compensation was paid for the first 15 minutes of waiting after the assigned pickup time.

35. At airports, on domestic flights, compensated waiting time commenced 30 minutes after the plane gets to the gate.

36. On International flights, compensated waiting time commenced 60 minutes after the plane lands.

37. Each 40-hour work week, Plaintiff was not compensated for waiting time for a minimum of 5 hours.

**Misappropriation of Tips**

38. All customers requesting ADDISON LEE transportation services in New York and New Jersey were automatically charged a 20% gratuity by the company.

39. Plaintiff received more than $30.00 per month in tips.

40. Under the FLSA, NYLL and NJWHL, tips are the property of the employee.

41. As Plaintiff's employer, ADDISON LEE was prohibited from using an employee's tips for any reason.

42. ADDISON LEE did not use tips as a credit against its minimum wage obligations to its employees, including the Plaintiff.

43. ADDISON LEE did not maintain a valid tip pool for its employees, including the Plaintiff.

44. ADDISON LEE illegally converted and misappropriated 9-11% of each 20% employee gratuity collected, for its own use and benefit.

45. Plaintiff and members of the Class were only paid 9-11% of all 20% employee gratuities collected by ADDISON LEE, from its customers.

**Overtime Compensation**

46. During the applicable statutory period, Plaintiff and members of the Class were required to submit false and inaccurate time records, which understated the true number of hours worked each week.

47. During the applicable statutory period, Plaintiff and members of the Class were required to work off-the-clock, as described above, and did not receive compensation for that time.

48. During the applicable statutory period, Plaintiff and members of the Class were not paid overtime compensation by ADDISON LEE for all hours worked each week, in excess of 40 hours.

49. During the applicable statutory period, Plaintiff and members of the Class were paid overtime compensation by ADDISON LEE, only for some, but not all hours worked each week, in excess of 40 hours.

50. During the applicable statutory period, Plaintiff and members of the Class were paid overtime compensation by ADDISON LEE, at a rate of 1.5 times their regular rate of pay, only for some, but not all hours worked each week, in excess of 40 hours.

51. At all times material and relevant herein, ADDISON LEE failed to keep full and accurate records of hours and wages of Plaintiff and members of the Class, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.and NJWHL.

52. To illustrate the foregoing, during the week of 03/18/19 to 03/24/19, Plaintiff was compensated for 50 hours and received compensation in the amount of $793.52, consisting of base salary of $404.00, overtime compensation in the amount $151.50 at a rate of $15.15 per overtime hour and tips in the amount of $166.77.

53. In fact, during that week, Plaintiff worked 75 hours and should have received gross compensation in the amount of $1,234.00+, consisting of base salary of $404, overtime compensation in the amount $530.25 [35 X $15.15 per overtime hour] and tips in the amount of $ 300+ [depending upon 9-11%].

54. During the applicable statutory period, other current and former employees of ADDISON LEE are similarly situated in that they were not paid overtime compensation as mandated by the FLSA.

55. During the applicable statutory period, other current and former employees of ADDISON LEE are similarly situated in that they were not paid overtime compensation as mandated by the FLSA.

56. During the applicable statutory period, other current and former employees of ADDISON LEE are similarly situated in that they were not paid overtime compensation as mandated by the NYLL.

57. During the applicable statutory period, other current and former employees of FRITO-LAY, employed as route sales associates in New York, are similarly situated in that they were not paid overtime compensation as mandated by the NJWHL.

58. ADDISON LEE intentionally and knowingly circumvented FLSA, NYLL and NJWHL overtime compensation requirements.

59. ADDISON LEE's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

60.     ADDISON LEE's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ALLEGATIONS

61.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

62.     Plaintiff brings this action on an individual basis and on behalf of all others similarly situated.

63.     Plaintiff seeks to represent the following Classes:

**[a]     All current and former chauffeurs residing and working in New York and New Jersey, employed by ADDISON LEE and/or its predecessors during the applicable statutory period, who were not paid for all off-the-clock hours worked and/or overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.**

**[b]     All current and former chauffeurs residing and working in the United States, employed by ADDISON LEE and/or its predecessors during the applicable statutory period, who received more than $30.00 per month in tips and were not paid 100% of all driver gratuities collected by ADDISON LEE, from its customers.**

64.     Plaintiff is a member of the Classes he seeks to represent.

65.     Plaintiff sues on an individual basis and on behalf of those members of the above-defined classes who have filed or will file with the Court their consents to sue.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

66.     Plaintiff and the putative class are similarly situated in that they are all subject to ADDISON LEE's common plan or practice of refusing to compensate them for overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

66.     As to Plaintiff's claims for money damages, pursuant to NYLL §650 *et. seq.*, the applicable wage and hours law under which class members worked, Plaintiff sues on an individual basis and on behalf of all other similarly situated members of the above-defined class.

Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

67. As to Plaintiff's claims for money damages, pursuant to NJWHL, the applicable wage and hours law under which class members worked, Plaintiff sues on an individual basis and on behalf of all other similarly situated members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

68. Each of the classes is so numerous that joinder of all members is impractical. Upon information and belief, there are hundreds of members in each Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of ADDISON LEE and can be ascertained through appropriate discovery.

69. There are questions of law and fact common to the Classes.

70. Plaintiff's claims are typical of those of the Class members. Plaintiff's claims encompass the challenged practices and course of conduct of ADDISON LEE. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

71. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are not antagonistic to those of the putative Classes and he has hired competent counsel skilled in the prosecution of class actions.

72. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

73.     To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS – FLSA VIOLATIONS)

74.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

75.     ADDISON LEE violated the FLSA by failing to compensate Plaintiffs for all hours worked, each work week.

76.     ADDISON LEE required Plaintiff to submit false time records which understated the true number of hours worked.

77.     ADDISON LEE violated the FLSA by failing to properly compensate Plaintiff for all hours in a workweek in excess of forty (40).

78.     ADDISON LEE violated the FLSA by failing to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a workweek in excess of 40.

79.     ADDISON LEE violated the FLSA by illegally converting and misappropriating for its own use and benefit, gratuities earmarked for Plaintiff, that it collected from customers.

80.     ADDISON LEE's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

81.     By reason of these unlawful acts, ADDISON LEE is liable to Plaintiff for all unpaid off-the-clock hours worked; unpaid overtime compensation in amounts to be determined at trial; unpaid misappropriated tips, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (CLASS CLAIMS –FLSA VIOLATIONS)

82. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

83. ADDISON LEE violated the FLSA by failing to compensate Class Members for all hours worked, each work week.

84. ADDISON LEE required Class Members to submit false time records which understated the true number of hours worked.

85. ADDISON LEE violated the FLSA by failing to properly compensate Class Members for all hours in a workweek in excess of forty (40).

86. ADDISON LEE violated the FLSA by failing to compensate Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

87. ADDISON LEE violated the FLSA by illegally converting and misappropriating for its own use and benefit, gratuities earmarked for Class Members, that it collected from customers.

88. ADDISON LEE's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

89. By reason of these unlawful acts, ADDISON LEE is liable to Class Members for all unpaid off-the-clock hours worked; unpaid overtime compensation in amounts to be determined at trial; unpaid misappropriated tips, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
### (NYLL VIOLATIONS)

90. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

91. ADDISON LEE violated the NYLL by failing to compensate Plaintiff and Class Members for all hours worked, each work week.

92. ADDISON LEE required Plaintiff and Class Members to submit false time records which understated the true number of hours worked.

93. ADDISON LEE violated the NYLL by failing to properly compensate Plaintiff and Class Members for all hours in a workweek in excess of forty (40).

94. ADDISON LEE violated the NYLL by failing to compensate Plaintiff and Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

95. ADDISON LEE violated NYLL by failing to compensate Plaintiff and Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate, for each day that the length of the interval between the beginning and end of his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

96. ADDISON LEE violated the NYLL by illegally converting and misappropriating for its own use and benefit, gratuities earmarked for Plaintiff, that it collected from customers.

97. ADDISON LEE's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

98. By reason of these unlawful acts, ADDISON LEE is liable to Plaintiff and Class Members for all unpaid off-the-clock hours worked; unpaid overtime compensation in amounts to be determined at trial; unpaid misappropriated tips, unpaid spread of hours compensation, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## FOURTH CLAIM FOR RELIEF
## (NJWHL VIOLATIONS)

99.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

100.    ADDISON LEE violated the NJWHL by failing to compensate Plaintiff and Class Members for all hours worked, each work week.

101.    ADDISON LEE required Plaintiff and Class Members to submit false time records which understated the true number of hours worked.

102.    ADDISON LEE violated the NJWHL by failing to properly compensate Plaintiff and Class Members for all hours in a workweek in excess of forty (40).

103.    ADDISON LEE violated the NJWHL by failing to compensate Plaintiff and Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of

104.    ADDISON LEE violated the NJWHL by illegally converting and misappropriating for its own use and benefit, gratuities earmarked for Plaintiff, that it collected from customers.

105.    ADDISON LEE's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

106.    By reason of these unlawful acts, ADDISON LEE is liable to Plaintiff and Class Members for  all unpaid off-the-clock hours worked; unpaid overtime compensation in amounts to be determined at trial; unpaid misappropriated tips, unpaid spread of hours compensation, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NJWHL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, prays for Judgment as follows:

(a) Certifying this case as a Class Action with Plaintiff as Class representative and his attorneys, as Class counsel;

(b) Certifying this case as a Collective Action with Plaintiff as Collective Class representative and his attorneys, as Collective Class counsel;

(c) Judgment for unpaid spread of hours compensation, unpaid off-the-clock hours worked and unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(d) Judgment for unpaid off-the-clock hours worked and unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NJWHL;

(e) Judgment for unpaid off-the-clock hours worked and unpaid overtime compensation to which Plaintiffs and Class Members are lawfully entitled pursuant to the FLSA;

(f) Judgment for unpaid tips misappropriated and converted by ADDISON LEE, which Plaintiff and Class Members are lawfully entitled pursuant to the FLSA, NYLL and NJWHL;

(g) Judgment for liquidated damages pursuant to FLSA, NYLL and NJWHL, in such amounts equal to the unpaid off-the-clock hours worked, unpaid overtime compensation and/or unpaid tips misappropriated and converted by ADDISON LEE, to which Plaintiff and Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by ADDISON LEE;

(h) An order directing ADDISON LEE to pay Plaintiff and Class Members their reasonable attorney's fees and all costs connected with this action;

(i) Such other and further relief as this Court may deem just and proper.

Dated: May 8, 2019

                      BLAU, LEONARD LAW GROUP, LLC

                      */s/ Steven Bennett Blau*
                      Steven Bennett Blau
                      Shelly A. Leonard
                      23 Green Street, Suite 303
                      Huntington, NY 11743
                      (631) 458-1010
                      sblau@blauleonardlaw.com
                      sleonard@blauleonardlaw.com

                      *Attorneys for Plaintiff*