UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ERNEST THOMPSON, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

            -against-                      Case No.: 19-cv-04133 (CS)(PED)

AMERICAN LIMOUSINE GROUP, LLC
d/b/a ADDISON LEE,

                              Defendant.

---------------------------------------------------------------X

## ANSWER TO CLASS ACTION COMPLAINT

Defendant American Limousine LLC d/b/a Addison Lee (improperly named as "American Limousine Group, LLC") (herein, "Defendant"), by and through its undersigned attorneys, Jackson Lewis P.C., for it Answer to the Class Action Complaint ("the Complaint") of Plaintiff Ernest Thompson (herein, "Plaintiff"), states as follows:

### AS TO "PRELIMINARY STATEMENT"

1. Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "1" of the Complaint, but denies that Plaintiff is entitled to any relief whatsoever on behalf of himself or any other individual.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

### AS TO "THE PARTIES"

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

4. Defendant admits the allegation set forth in Paragraph "4" of the Complaint.

5. Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except admits that American Limousine LLC has a place of business at 90 McKee Drive, Mahwah, New Jersey.

6. Defendant denies the allegations set forth in Paragraph "6" of the Complaint, except admits that American Limousine LLC transacts business as a for hire transportation services provider in multiple states, including New York and New Jersey.

## AS TO "JURISDICTION AND VENUE"

7. No response is required to the extent the allegations set forth in Paragraph "7" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "7" of the Complaint, except aver that jurisdiction properly is exercised over Plaintiff's federal claims.

8. No response is required to the extent the allegations set forth in Paragraph "8" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "8" of the Complaint, and specifically denies that the Court can or should exercise supplemental jurisdiction over Plaintiff's state law claims.

9. No response is required to the extent the allegations set forth in Paragraph "9" of the Complaint calls for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "9" of the Complaint, but aver that, to the extent jurisdiction properly is exercised, venue is proper in this District.

## AS TO "STATEMENT OF MATERIAL FACTS"

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except admit that Defendant is a wholly owned subsidiary of Addison Lee Inc., which has an office in Mahwah, New Jersey.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant admits the allegation set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint, except admits that Plaintiff was employed as a chauffeur from approximately October 31, 2017 until April 7, 2019.

17. No response is required to the allegations set forth in Paragraph "17" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that a part of Plaintiff's job responsibilities was to provide transportation services to the requested destinations of Defendant's customers.

18. No response is required to the allegations set forth in Paragraph "18" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff drove to assigned locations to pick up Defendant's customers.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. No response is required to the allegations set forth in Paragraph "20" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, but avers Plaintiff was employed by Defendant at certain times during the period from approximately November 2017 until April 2018.

21. No response is required to the allegations set forth in Paragraph "21" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, but avers Plaintiff was employed by Defendant at certain times during the period from approximately November 2017 until April 2018.

22. No response is required to the allegations set forth in Paragraph "22" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, but avers Plaintiff was employed by Defendant at certain times during the period from approximately November 2017 until April 2018.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

**As To "Off-the-Clock Hours"**

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint, except avers that Plaintiff's normal commute to work was not treated as compensable time.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint, and avers that Plaintiff was properly paid for all hours worked.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint, and avers that Plaintiff was properly paid for all hours worked.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint, except avers that Plaintiff's normal commute home after work was generally not treated as compensable time.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint, and avers that Plaintiff was properly paid for all hours worked.

**As To "Waiting Time"**

34. Defendant denies the allegations set forth in the second Paragraph "34"[1] of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

---

[1] Plaintiff's Complaint mistakenly contains two paragraphs numbered "34".

5

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

**As To "Misappropriation of Tips"**

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant admits the allegation in Paragraph "39" of the Complaint.

40. No response is required to the allegations set forth in Paragraph "40" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, but avers that Plaintiff received during his employment any tips paid by customers for services provided by Plaintiff.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint, and avers that Addison Lee did not take a tip credit against Plaintiff's hourly rate of pay.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint, except admits Plaintiff was not part of a tip pool during his employment.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

## As To "Overtime Compensation"

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. No response is required to the allegations set forth in Paragraph "51" of the Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

61. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "60" of the Complaint by reference, as if fully set forth herein in response to Paragraph "61" of the Complaint.

62. Defendant admits that Plaintiff purports to proceed in this action as set forth in Paragraph "62" of the Complaint, but denies that he is entitled to any relief whatsoever on behalf of himself or any other individual.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint, including subparagraphs (a) and (b) therein.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

66. Defendant denies the allegations set forth in the second Paragraph "66"[2] of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint, including the bullet-pointed subparagraphs therein.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint, including the bullet-pointed subparagraphs therein.

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF (INDIVIDUAL CLAIMS – FLSA VIOLATIONS)"

74. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "73" of the Complaint by reference, as if fully set forth herein in response to Paragraph "74" of the Complaint.

---

[2] Plaintiff's Complaint mistakenly contains two paragraphs numbered "66".

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76. Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

77. Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78. Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

79. Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

80. Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81. Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF (CLASS CLAIMS – FLSA VIOLATIONS)"

82. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "81" of the Complaint by reference, as if fully set forth herein in response to Paragraph "82" of the Complaint.

83. Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

84. Defendant denies the allegations set forth in Paragraph "84" of the Complaint.

85. Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

86. Defendant denies the allegations set forth in Paragraph "86" of the Complaint.

87. Defendant denies the allegations set forth in Paragraph "87" of the Complaint.

88. Defendant denies the allegations set forth in Paragraph "88" of the Complaint.

89. Defendant denies the allegations set forth in Paragraph "89" of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF (NYLL VIOLATIONS)"

90. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "89" of the Complaint by reference, as if fully set forth herein in response to Paragraph "90" of the Complaint.

91. Defendant denies the allegations set forth in Paragraph "91" of the Complaint.

92. Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

93. Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

94. Defendant denies the allegations set forth in Paragraph "94" of the Complaint.

95. Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

96. Defendant denies the allegations set forth in Paragraph "96" of the Complaint.

97. Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

98. Defendant denies the allegations set forth in Paragraph "98" of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF (NJWHL VIOLATIONS)"

99. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "98" of the Complaint by reference, as if fully set forth herein in response to Paragraph "99" of the Complaint.

100. Defendant denies the allegations set forth in Paragraph "100" of the Complaint.

101. Defendant denies the allegations set forth in Paragraph "101" of the Complaint.

102. Defendant denies the allegations set forth in Paragraph "102" of the Complaint.

103. Defendant denies the allegations set forth in Paragraph "103" of the Complaint.

104. Defendant denies the allegations set forth in Paragraph "104" of the Complaint.

105. Defendant denies the allegations set forth in Paragraph "105" of the Complaint.

106. Defendant denies the allegations set forth in Paragraph "106" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

107. Defendant denies the allegations contained in the "WHEREFORE" paragraph, including the alphabetized subparagraphs (a) through (i) therein.

## ADDITIONAL AVERMENTS

108. Defendant denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

109. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

## AS AND FOR A FIRST DEFENSE

110. Plaintiff's Complaint fails to state a claim upon which relief may be granted. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A SECOND DEFENSE

111. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A THIRD DEFENSE

112. The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff failed to report or give notice of the allegations upon which they base the claims in their Complaint to their employer and/or failed to avail themselves of their employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FOURTH DEFENSE

113. Subject to proof through discovery, some or all of Plaintiff's claims are barred by the doctrines of laches, estoppel, offset, recoupment, waiver and/or other equitable defenses. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR A FIFTH DEFENSE

114. Plaintiff is not entitled to equitable relief insofar as they have an adequate remedy at law. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR A SIXTH DEFENSE

115. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR A SEVENTH DEFENSE

116. Subject to proof through discovery, Plaintiff and those alleged to be similarly situated are not entitled to some or all of the relief sought or because they otherwise fall

within a classification of individuals who may not recover under the causes of action alleged. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR AN EIGHTH DEFENSE

117. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and payment. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A NINTH DEFENSE

118. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the Fair Labor Standards Act and/or applicable state laws, including, but not limited to, the any N.Y. Labor Law or federal law "taxicab" exemption and/or the motor carrier exemption. In addition, or alternatively, Plaintiff's claims are barred and/or his alleged damages are limited, based on the "limousine driver" exemption under the N.J. Wage and Hour Law. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A TENTH DEFENSE

119. To the extent any plaintiff lacks a claim under the Fair Labor Standards Act, there is no subject matter jurisdiction over a non-federal claim by such person in this Court. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR AN ELEVENTH DEFENSE

120. Plaintiff is barred from recovery to the extent he failed to mitigate his alleged damages. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A TWELFTH DEFENSE

121. Plaintiff cannot satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

## AS AND FOR A THIRTEENTH DEFENSE

122. Plaintiff cannot satisfy the requirements of Rule 23(a), and 23(b)(3) of the Federal Rules of Civil Procedure and, thus, this action cannot be maintained as a class action.

## AS AND FOR A FOURTEENTH DEFENSE

123. To the extent any plaintiff has signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to the claims herein, the claims are barred by such release, waiver or agreement. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A FIFTEENTH DEFENSE

124. Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, credits, and/or offsets under the FLSA and/or state law. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A SIXTEENTH DEFENSE

125. Defendant's actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and applicable state laws. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A SEVENTEENTH DEFENSE

126. Defendant's actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with applicable law, including the FLSA and 29 U.S.C. § 260. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR AN EIGHTEENTH DEFENSE

127. Plaintiff is not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA or state law. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A NINETEENTH DEFENSE

128. Even if Plaintiff prevails, his damage claims, including his claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR A TWENTIETH DEFENSE

129. The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## ADDITIONAL RESPONSE

130. Defendant currently has insufficient information upon which to form a belief as to whether there may exist additional, as yet unstated, defenses beyond those listed above.

Defendant reserves the right to assert additional defenses in the event that discovery indicates additional defenses are appropriate.

WHEREFORE, Defendant pray that the Court:

(a)   Dismiss the Complaint in its entirety with prejudice;

(b)   Deny the demand and prayer for relief contained therein;

(c)   Award Defendant its reasonable costs and fees incurred in defending this action; and

(d)   Grant such other and further relief to Defendant as the Court deems just and proper.

Respectfully submitted,

*ATTORNEYS FOR DEFENDANT*

JACKSON LEWIS P.C.
Jonathan M. Kozak
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile
jonathan.kozak@jacksonlewis.com

Dated: July 16, 2019
White Plains, New York

By: _____
Jonathan M. Kozak

*-and-*

JACKSON LEWIS P.C.
Gregory T. Alvarez
Michael J. Nesse
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
(908) 464-2614 Facsimile
gregory.alvarez@jacksonlewis.com
michael.nesse@jacksonlewis.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERNEST THOMPSON, Individually and on
Behalf of All Others Similarly Situated,

                               Plaintiff,

       -against-                            Case No.: 19-cv-04133 (CS)(PED)

AMERICAN LIMOUSINE GROUP, LLC
d/b/a ADDISON LEE,

                               Defendant.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer to Class Action Complaint has been electronically filed and served upon Plaintiff's counsel of record via electronic filing and U.S. Mail at the address set forth below on the 16th day of July, 2019:

                  Steven Bennett Blau
                  Shelly A. Leonard
            Blau, Leonard Law Group, LLC
            23 Green Street, Suite 303
              Huntington, N.Y. 11743
              *Attorneys for Plaintiff*

                                   Jonathan M. Kozak