UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST THOMPSON, ALICIA CAMPBELL,
KEISHA ALLEN, ANTHONY DeANGELIS,
KOFI BANING, and ANGELOS
EFSTATHOPOULOS, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,

-against-

AMERICAN LIMOUSINE GROUP, LLC d/b/a
ADDISON LEE,

                Defendant.

19-CV-4133 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

On September 30, 2020, Plaintiffs filed an uncontested Motion for Preliminary Approval of Class Action Settlement pursuant to Federal Rule of Civil Procedure 23(e)(1), and moved the Court for an Order: (i) granting preliminary approval of the proposed settlement; (ii) certifying the Settlement Class for settlement purposes; (iii) appointing Blau Leonard Law Group LLC as lead Counsel for the Settlement Class and (iv) appointing Simpluris, Inc. as the Settlement Administrator for the Settlement Class. (Doc. 27.) The Motion is supported by a Memorandum of Law, Declaration of Steven Bennet Blau, and Exhibits. (Docs. 28-29.)

Plaintiff is directed to supplement its motion by October 12, 2020. Specifically, Plaintiff shall (i) reconcile and/or explain provisions 2.6(D) and 2.7(A) of the Final Settlement Agreement and Release, (Doc. 29-1 Ex. A ("Agreement")), and (ii) address the range of reasonableness of the Settlement Fund in light of the best possible recovery and the attendant risks of litigation.

With respect to the former, how many mailings will the Class Administrator attempt? The implication is that there can be more than two attempts, *see id.* § 2.6(D) ("one or more" unsuccessful mailings followed by a successful mailing,); *id.* § 2.7(A) ("if there are more than 2

2

mailings, the final mailing"), but the Agreement also provides that the Claims Administrator "shall not attempt more than 2 mailings," (*id.*).

As to the latter, the Memorandum provides that "Plaintiffs are unable to estimate with any certainty the best possible recovery for members of the Settlement Class." (Doc. 28 at 20.) Yet each Class Member's Notice will contain an estimate of the total amount allocated to him/her, (Doc. 29-1 § 3.4(B)(3); Doc. 29-2 at 4), and the named Plaintiffs must have some idea of what they believe they are owed. While a strict mathematical calculation is not required, Plaintiffs should be able to give the Court some idea of how much per week a typical plaintiff is expected to receive, presuming full distribution of the fund, and compare it to the best- and worst-case scenarios if the litigation were to proceed.

SO ORDERED.

Dated: October 5, 2020
       White Plains, New York

                                                    */s/ Cathy Seibel*
                                                    CATHY SEIBEL
                                                 United States District Judge