UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST THOMPSON, ALICIA CAMPBELL,
KEISHA ALLEN, ANTHONY DeANGELIS, and
KOFI BANING, Individually and on Behalf of All
Others Similarly Situated,

                                    Plaintiffs,

                                    Civil Case No.
                                    7:19-CV-04133-CS

        -against-

AMERICAN LIMOUSINE GROUP, LLC
d/b/a ADDISON LEE,

                                  Defendant.

---

## ORDER GRANTING PLAINTIFFS' UNCONTESTED MOTION FOR FINAL APPROVAL OF THE CLASS SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASSES AND APPROVING THE FLSA SETTLEMENT

On this 13th day of May, 2022, upon consideration of Plaintiffs' Motion, Memorandum of Law and all supporting documentation submitted for an Order (1) adjudging the terms of the Final Settlement Agreement And Release (the "Original Settlement Agreement") and the Addendum To Final Settlement Agreement And Release (the "Addendum") (together, the "Settlement Agreement") to be fair, reasonable and adequate and binding on all Class Members who did not opt out; (2) certifying the settlement classes; (3) approving the FLSA Settlement with respect to Qualified Class Members who by January 19, 2021 returned Claim Forms which confirmed their consent to join the FLSA claims, including any whose untimely Claim Forms were accepted by agreement of the Parties; (4) authorizing

distribution of the funds deposited in the Qualified Settlement Fund ("QSF"); and (5) dismissing the Action with prejudice and entering judgment, and

WHEREAS, the Court held a fairness hearing on May 13, 2022, and no qualified Class Member having objected to the settlement at the hearing, the Court – for the reasons set forth on the record at the fairness hearing – makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

## Approval of the Settlement Agreement, as Amended

1. The Court, having reviewed the Settlement Agreement, grants final approval of the terms contained therein, which are incorporated in this Order.

2. The Court finds that the settlement is procedurally and substantively fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e). The settlement was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims and asserted defenses.

3. The Court finds that the parties and the Claims Administrator complied with the Notice Plan approved by the court. The Notices and their distribution comported with all constitutional requirements, including those of due process. Class Members have been notified of the terms of the settlement, the monetary relief, the allocation formula, and their right to object to or exclude themselves from the settlement, with

an explanation how to do so. An affidavit or declaration of the Settlement Administrator's compliance with the Notice program has been filed with the Court.

4. The Court finds that such Notice was the best possible and practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members. No Class Member objected to the settlement or opted out. This favorable response demonstrates that the class approves of the settlement and supports final approval.

5. The Settlement Agreement is substantively and procedurally fair. The vast majority of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger & Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

6. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463.

7. The Court finds that the terms and conditions set forth in the Settlement Agreement are within the range of reasonableness for final settlement approval.

8. The Court finds that the Settlement Agreement resulted from good faith, arm's-length negotiations between the Parties, including two full-day mediations overseen by experienced mediators.

9. The Court takes judicial notice that on January 8, 2021, Defendant American Limousine LLC ("Debtor") filed a voluntary petition for relief under the Bankruptcy Code, Chapter 11, Subchapter V Case [No. 21-10121], in U.S. Bankruptcy Court in Newark, New Jersey.

10. On September 14, 2021, the Bankruptcy Court approved the Chapter 11 Small Business Subchapter V Plan of Reorganization ("PLAN") filed by the Debtor. Pertinent provisions of the Plan affecting the Debtor's payments towards the Aggregate Settlement Amount, are as follows:

> (a). Commencing on the 1st Day of the Third Month after all administrative Claims have been satisfied, the Debtor will pay all of its accumulated post-petition disposable income to all unsecured creditors, including but not limited to Qualified Class Members, on a *pro rata* basis according to the amount of debt owed in accordance with the PLAN.
>
> (b). These payments will continue on a quarterly basis on the first day of every third month.
>
> (c). The payments will be paid toward allowed general unsecured claims, including but not limited to those of the Qualified Class Members, on a *pro rata* basis according to the amount of debt owed in accordance with the PLAN.

(d). Payments will terminate on the 42nd month after the effective date.

11. Supplemental notice to the Qualified Class Members, concerning the Addendum necessitated by Defendant's Bankruptcy filing and the Plan, as well as concerning the fairness hearing on May 13, 2022, was provided by the Settlement Administrator. An Affidavit or Declaration of the Settlement Administrator's distribution of such supplemental notice has been filed with the Court.

12. Accordingly, this Court orders:

(A) The Aggregate Settlement Amount will be paid in accordance with and subject to the Plan of Reorganization and to the extent consistent therewith.

(B) The Aggregate Settlement Amount will be paid in such distributions on a *pro rata* basis, as required by the Plan of Reorganization. All distributions shall be made directly to the Escrow Account for further distribution to the Qualified Class Members and Class Counsel, subject to the Settlement Agreement and this Order.

(C) Within ten (10) days after the Court's issuance of the Final Approval Order, the Claims Administrator shall calculate amounts from the Aggregate Settlement Amount balance that otherwise would have been payable, upon approval, as service awards to Plaintiffs, as awards to each Qualified Class Member, and to Class Counsel for fees and costs under the Settlement Agreement and consistent with the Court's Final Approval Order, and the Claims Administrator shall thereafter assign a *pro rata* share to each which will be applied to all future payment distributions (except as set forth in paragraph 12(D) below).

(D) Initial and final distributions will be made, and up to five (5) interim distributions from the QSF will be made within thirty (30) days after every other quarter in which Defendant has made a contribution to the QSF, provided the Parties agree the amount in the Escrow Account at the time makes an interim distribution economically feasible (the "Interim Distributions"). Only Qualified Class Members who cashed their Initial Distribution checks will receive an Interim Distribution. All amounts remaining in the QSF at the time of the final distribution, up to the total amount of all payments equal to and not to exceed $1,445,000 (less other applicable items such as appropriate expenses), will be fully distributed on a *pro rata* basis to the Qualified Class Members who cashed their Initial and Interim Distributions, to Plaintiffs, and to Class Counsel.

(E) The Plan of Reorganization does not guarantee any minimum or specific amount that will be paid to satisfy the Aggregate Settlement Amount. If at the end of the Payment Period less than the full Aggregate Settlement Amount has been paid, neither Plaintiffs, nor the Class, nor Class Counsel may seek to recover such unpaid amounts from Defendant.

**Certification of the Settlement Classes**

13. The Court finds, for settlement purposes only, that the claims against AMERICAN LIMOUSINE LLC d/b/a ADDISON LEE (sued herein as "American Limousine Group, LLC d/b/a Addison Lee") ("Defendant") meet all prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure, including that:

a. Each Settlement Class is so numerous that joinder of all members is impracticable.

b. There are questions of law or fact common to each Settlement Class.

c. Plaintiffs' claims are typical of the claims of Members of their respective Settlement Classes.

d. Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the Settlement Classes. There are no conflicts between Plaintiffs and Class Members that would preclude Plaintiffs from vigorously representing the Class Members

e. Common questions of law and fact predominate over questions affecting only individual Settlement Class Members and accordingly, each Settlement Class is sufficiently cohesive to warrant settlement by representation; and

f. Certification of the Settlement Classes is superior to other available methods for the fair and efficient resolution of the claims of the members of the Settlement Classes.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Settlement Classes:

> (A) all American Limousine LLC drivers from January 1, 2019, forward, and drivers formerly employed by its predecessor Flyte Tyme Worldwide Transportation during the period from May 8, 2016, through December 31, 2018, who according to company records took the company vehicles home, were not paid for their commuting time, and were classified by the company as CT, NY, and/or NJ drivers, as well as drivers employed by American Limousine LLC after January 1, 2019 who were formerly employed by Tristar Chauffeur Management Inc. and classified by the company as CT, NY, NJ, and/or MA drivers and were not paid for commuting time after July 15, 2019, and
>
> (B) all drivers employed by American Limousine LLC on or after January 1, 2019 who were formerly employed by Tristar Chauffeur Management Inc. for whom amounts erroneously received as potential gratuities from customers during the period between January 1, 2019 and July 15, 2019 were inadvertently retained, but excluding those individuals who filed claims as named plaintiffs or opt-in plaintiffs in Diwan et al. v. Tristar Chauffeur Management, Inc. et al., Case No., 19-cv-06716 (RPK)(ST), which was filed in U.S. District Court for the Eastern District of New York.

15. The Court confirms Simpluris Inc. as the Settlement Administrator for the Classes.

**Approval of the FLSA Settlement**

16. The Court hereby approves the FLSA settlement.

17. FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *Guaman v. Ajna-Bar NYC*, 2013 WL 445896, at *6 (S.D.N.Y. Feb. 5, 2013). Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23. *Id.* Courts typically find the adversarial nature of FLSA litigation to be an adequate indicator of the fairness of the settlement and approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).

18. This FLSA settlement reflects a fair and reasonable compromise. The settlement was the result of arm's-length, good faith negotiations by experienced counsel. Accordingly, and for the same reasons the class action is approved, the Settlement Agreement and Addendum are fair and reasonable for purposes of the FLSA.

19. The "Effective Date" of the settlement shall be 30 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

20. Within 10 days after the Effective Date, the claims administrator shall distribute the funds presently in the QSF and any additional payments made up to that date, by making the distributions approved in this Order consistent with the Claims Administrator's *pro rata* calculations of entitlements per the terms of the Parties' Settlement Agreement.

21. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and in overseeing the distribution of settlement funds pursuant to the Plan of Reorganization. The parties shall abide by all terms of the Plan of Reorganization and to the extent consistent therewith, the Settlement Agreement, which are incorporated in this Order.

22. Upon entry of this Order, this litigation shall be dismissed with prejudice, and all Rule 23 Class Members who have not excluded themselves from the settlement and all FLSA Class Members who have opted into the lawsuit shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

**IT IS HEREBY SO ORDERED.**

Dated: 5/13/22   BY THE COURT:

_____
Cathy Seibel
United States District Judge

The Clerk shall close the case.